[No. 8669.]

THOMAS v. GREEN, ET AL.

APPEAL AND ERROR—*Verdict on Conflicting Evidence,* under proper instructions, will not be disturbed. (114.)

*Error to Denver District Court.* Hon. JOHN H. DENISON, Judge.

MESSRS. ALLEN & WEBSTER, for plaintiff in error.

Mr. JAMES A. MARSH and Mr. WILLIAM R. KENNEDY, for defendants in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court.

May 17, 1914, some members of an organization known as the Penticostal Union, were holding an open air meeting at or near the corner of Champa and 16th streets in Denver, where they were engaged in singing and playing musical instruments. A patrolman accosted the leader, and asked whether they had a permit to meet at that point, and on being informed that they had not, ordered them to disperse, which they refused to do, and continued with their exercises; whereupon he telephoned to the police station for a conveyance to remove them. When the vehicle arrived, the persons taking part in the meeting were ordered into it. Plaintiff got in and was taken with the rest to the jail, where she was held in the women's quarters for about an hour, and then released. She thereafter brought this action for false arrest and imprisonment. Defendants answered denying the arrest. A jury trial resulted in a verdict for defendants and plaintiff brings the case here on error.

Plaintiff's testimony is to the effect that she—being accompanied by her husband—was standing across the

street from where the members of the Penticostal Union were holding a meeting near the sidewalk; that an automobile drove up in front of her, from which emerged the defendants Green and Wagner, who proceeded to arrest the members of the Union; that she went with others into the street, and was standing looking on, when she saw a drum that had been left in the gutter, which she picked up and set on the sidewalk, so that it would not be injured; that immediately thereafter, defendant Green told her to get in; that she protested, and told him that she was not a member of the Union, and had taken no part in their meeting; that notwithstanding her protest she was conveyed by defendants against her will to the jail, where she was "booked" and placed in the women's quarters.

Defendant Green in his testimony denied plaintiff's evidence that he arrested her, or had any conversation with her; admitting only that he accompanied the automobile with her to the city jail. He testified further that plaintiff was standing with the members of the Penticostal Union, and taking charge of their property, but that he gave no order for her arrest, and made no remarks to or concerning her; that so far as he knew, she voluntarily entered the automobile, and accompanied the rest to the jail.

Defendant Wagner testified that plaintiff was the mother of one of the leaders of the Penticostal Union, and the grandmother of another member; that he had not ordered her arrest, but when the other members got into the machine she voluntarily got in with, and accompanied them to the city jail.

Under our view of the case it is unnecessary to consider the various legal propositions advanced by plaintiff in error. The question presented is one of fact upon which there is a fair conflict of testimony. The court, among other things, told the jury that if they found

plaintiff, without order or word from any of the defendants, went voluntarily into the machine, and not in obedience to any act or word of the defendants, their verdict should be for the defendants. The jury resolved this question against the plaintiff. There is sufficient testimony to support the finding and under the well established rule in this jurisdiction we must decline to interfere with or set aside the verdict. The judgment is affirmed.

*Affirmed.*

Mr. JUSTICE WHITE and Mr. JUSTICE SCOTT concur.